St. Louis & San Francisco Railroad Company et al. v. J. A. Frazar.

Decided October 13, 1906.

**1.—Shipment of Cattle—Contract—Agent—Authority.**

In a suit for damages for delay in transporting cattle to market upon a "feed in transit" contract, plaintiff was allowed to testify that in making the shipment from the station at which said cattle were fed, the same being a station upon an intermediate road and not on appellant's line of road, he made a contract with the agent at said station that plaintiff's cattle were to be transported through to destination without being unloaded and were to reach their destination in time for the market of a certain day, and that no other freight was to be picked up on the road by said train of cattle. Appellant objected to said testimony, because it was not shown that said agent had any authority to make such an agreement on behalf of appellant; because the same was beyond the scope of his authority; because it was not shown that said agent was the agent of appellant or had any authority to act for it, and because the evidence showed that said cattle could not be transported that distance in 28 hours and said contract was therefore illegal and void. Held, in view of the evidence in the case, the objections should have been sustained. Gulf, C. & S. F. Ry. Co. v. Jackson, 14 Texas Ct. Rep., 100, followed.

**2.—Statement by Brakeman—Not Evidence.**

The brakemen of a railroad company have no authority to tell a shipper that his cattle would not be transported on another line of road until a certain time and bind their own company by such statement.

**3.—Through Contract of Shipment—Liability.**

When the contract of shipment comprehends the entire distance from the initial point to destination a carrier bound by the contract can not relieve itself of the negligence of an intermediate carrier.

Appeal from the County Court of Clay County. Tried below before Hon. S. A. Denny.

*C. H. Yoakum* and *R. E. Taylor,* for appellants.—The court erred in admitting the testimony of the plaintiff as to the contract made by him with the agent at Tishimingo. Gulf, C. & S. F. Ry. Co. v. Hodge, 30 S. W. Rep., 829; Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 14 Texas Ct. Rep., 100; Missouri, K. & T. Ry. Co. v. Belcher, 32 S. W. Rep., 518; Gulf, C. & S. F. Ry. Co. v. Dinwiddie, 51 S. W. Rep., 353; Louisville & A. Ry. Co. v. Bennett, 76 S. W. Rep., 409.

The court erred in admitting the testimony of the plaintiff over said defendant's objections, and in overruling said defendant's motion to exclude the same, wherein the plaintiff testified that when said cattle reached St. Louis he had a conversation with one of defendant's brakemen, and that said brakeman told plaintiff that his cattle would not go over to the stock yards till the next morning, because said brakeman had no authority to make such statement and the same was beyond the apparent scope of his authority, and said defendants were not bound by said statement.

The court erred in refusing said defendants' requested charge wherein said defendants requested the court to charge the jury that they would not be responsible for any damages that may have resulted to the plaintiff's cattle by reason of any delay on the part of the Merchants Bridge Company in transporting said cattle across the river to the stock yards after they had reached St. Louis, because the evidence showed that said cattle were delayed 8 or 9 hours by said Merchants Bridge Company, and these defendants were not responsible for such delay.

*J. C. Chessnutt* and *P. M. Stine,* for appellee.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment in favor of the defendant in error for the sum of $366.98 against the St. Louis & San Francisco Railway Company and the St. Louis, San Francisco and Texas Railway Company for damages to a shipment of two hundred and eleven cattle made from a point in Texas on the Fort Worth & Denver Railway to the National Stock Yards in East St. Louis, Illinois. It was alleged that the agent of the Fort Worth & Denver City Railway Company at the initial point of the shipment, agreed to transport said cattle on a "feed in transit rate" to the National Stock Yards, Illinios; that by the terms of the agreement, defendant in error was permitted to stop his cattle at Tishimingo, I. T., a station on the line of the Choctaw, Oklahoma and Gulf Railway Company, and there feed his cattle for one hundred and twenty-five days before further transportation. Defendant in error further alleged that after feeding for one hundred and five days at Tishimingo, he redelivered his cattle to the Choctaw, Oklahoma & Gulf Railway Company (alleged to be an agent of the plaintiffs in error), and that the agent thereof, acting as the agent of all of the transporting companies, agreed and contracted to transport said cattle from Tishimingo to their final destination without delay or change of cars or stopping to feed at any point between Tishimingo and the National Stock Yards, and agreed to reach said stock yards in time for the market on a day

named.  It was alleged, and there was evidence tending to show, that the provisions of this contract with the agent at Tishimingo had been violated, in consequence of which, damages resulted as prayed for.

Upon the trial defendant in error was permitted to testify, over objection, that in making the shipment from Tishimingo, he made a verbal contract with the agent of the Choctaw, Oklahoma & Gulf Railway Company at Tishimingo, Indian Territory, by which it was agreed that plaintiff's cattle were to be transported through to East St. Louis without being unloaded, and that said cattle were to reach East St. Louis in time for the market of April 6, and that they would be transported without picking up other freight on the road with said train of cattle." Plaintiffs in error objected to this proof, "because it was not shown that said agent had any authority to make such an agreement on behalf of said defendants, and because the same was beyond the apparent scope of his authority, and because it was not shown that said agent was the agent of these defendants, or had any authority to act for them, and because the evidence showed that said cattle could not be transported from Tishimingo to their destination in twenty-eight hours, and said contract was therefore illegal and void." We think the objections should have been sustained and said testimony excluded.

Defendant in error testified, "I made the contract to ship the cattle with Charles Barkdull, the agent of the Fort Worth & Denver City Railway Company at Henrietta. . . . These cattle were to be shipped from where they were loaded to Tishimingo, I. T., and from there to East St. Louis, Illinois.  I agreed to pay 42½ cents per one hundred pounds and ten dollars a car extra for the privilege of stopping over at Tishimingo one hundred and twenty-five days and feeding. . . . I brought these cattle and delivered them to the Denver under my contract of shipment made with the Denver agent. . . . The whole shipment was made on the through contract from Henrietta." No specific agreement as to the time or manner of the transportation appears to have been made with the Denver agent, nor does the record contain any proof of authority on the part of the agent at Tishimingo to specifically agree, as defendant in error testifies that he did agree, and it seems clear to a majority of us that authority to do so is not to be implied.  The agent at Tishimingo, so far as shown by the record, was merely the local agent of one of the intermediate carriers.  As such, authority to supplement the original contract—the contract upon which the shipment was made—is not to be inferred.  Nor is additional consideration therefor shown. It also appears that the cattle could not reasonably have been transported from Tishimingo to the National Stock Yards within the twenty-eight hour period designated by the United States statute as the period beyond which cattle shall not be transported without stopping for feed and water.  The case seems to fall clearly within the case of Gulf, C. & S. F. Ry. v. Jackson & Edwards, 14 Texas Ct. Rep., 100, decided by our Supreme Court, and hence we all conclude that for the error of the court indicated the judgment must be reversed and the cause remanded.

In view of another trial, we will also say that the conversation with one of the brakemen at St. Louis, objected to in the second assignment of error, should have been excluded on the ground of a want of authority in the agent to make the statement.

The court properly refused special charge number 3 mentioned in the third assignment for the reason that the contract of shipment, as alleged and proven, comprehended the entire distance from the initial point to the National Stock Yards, and plaintiffs in error, therefore, could not relieve themselves of the negligence, if any, of the bridge company, in transporting the cattle from St. Louis, Missouri, across the river to the stock yards.

Judgment reversed and cause remanded.

*Reversed and remanded.*